UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Jesus Mendoza Maldonado, Pro se Plaintiff,

V.                                              CASE    NO.    ___06

                                        0155   U N A
                                        ~~Richard W. Roberts~~
                                        ~~US District Judge~~
                                                Jury Demand

Keith Alexander, in his official capacity as director of
the National Security Agency,

Porter J. Guss, in his official capacity as director of
the Central Intelligence Agency,

and George W. Bush, in his official capacity as
President of the United States of America, Defendants.

## PLAINTIFF'S MOTION FOR RECONSIDERATION PURSUANT TO FED. R. CIV. P 59(e).

### INTRODUCTION

Now Comes Pro-se Plaintiff, Jesus Mendoza Maldonado, and respectfully asks this Court reconsideration of the Order dismissing Plaintiff's Complaint on the ground that the facts stated on Plaintiff's Complaint are not irrational, incredible, or frivolous, and have been established on the federal record as a matter of law, and on the ground that Plaintiff's Complaint state claims up which relief can be granted as explained herein.

### STATEMENT OF FACTS

Pro-se plaintiff has filed a Complaint in this Court seeking as relief an Order to compel Defendants to cease and desist the use of radiation surveillance during any investigation of Plaintiff's activities, on the ground that Defendants' "Spy Program" employs harmful radiation to torture American citizens, on the ground that the electronic surveillance has caused severe physical harm to Plaintiff, to Plaintiff's children, and to others, and on the ground that Defendants' investigation came as retaliation for Plaintiff's complaining of judicial misconduct.
(*Please See* **Exhibit "1"** to Plaintiff's Original Complaint illustrates the pain and

suffering caused by Defendants on Plaintiff, on Plaintiff's in-laws and on Plaintiff's nine month old baby).

ARGUMENT

**The facts stated on Plaintiff's Complaint are not irrational,   incredible, or frivolous and have been established on the federal record as a matter of law.**

The fact that Plaintiff was subjected to a federal investigation, as retaliation for denouncing racial discrimination and fraud of federal funds, and the fact that the overexposure to  the radiation used during an electronic surveillance caused on Plaintiff severe physical harm, including an electrical sensitivity have been established as a matter of law. *Jesus Mendoza Maldonado v. The Thomas M. Cooley Law School*, et al.,   (D. Ct.  W.  MI.),  Case No. <u>5: 01 cv 93.</u>  Plff's Orig. Comp. Paraghs. 23-25. Note 1.

The fact that a magistrate judge altered the testimony of witnesses to discredit Plaintiff claims of electronic torture, and to benefit those engaged in this  criminal activity has been established as a matter of law.
*Maldonado v Ashcroft*, (S. D. Tex.), Case No. M 03-038,   (Docket No. 32, at five, Statement of Evidence, Affidavit of Plaintiff's wife  denying giving  the testimony claimed by US Magistrate Judge Dorina Ramos. Docket No. 40, and audiotape of hearing,  Docket No. 29 ).Plff's Orig. Comp. Paraghs. 32-53.  Note 2.

The US Attorney General claims through its counsel of record, David L. Guerra, that the use of directed radiation including ionizing radiation for surveillance of Plaintiff's residence is legal, and no filing denies the fact that Plaintiff is the subject of a federal investigation. Plff's Orig. Comp. Paraghs. 48, 54-58.

Note 1.  Plaintiff became the subject of a federal investigation after Plaintiff complained of a fraud of student money committed by state judge  Roman S. Briggs and by the former president of the Thomas M. Law School,

Thomas E. Brennan.    The retaliation came after Plaintiff presented to the Dean of the la school evidence showing how the law school was operating under a scheme to defraud more of seventy percent of minorities of their federal loans while on the other hand the law school was giving law degrees to its affiliates including those working on Defendants' agencies.    These claims were established by federal litigation as a matter of law. *Jesus Mendoza Maldonado v. The Thomas M. Cooley Law School*, et al.,  (D. Ct. W. MI.),  Case No. 5: 01 cv 93.

Note 2.  On May 15, 2003, Plaintiff's brother testified before US Magistrate Judge Dorina Ramos how a family became victim of electronic torture after Plaintiff stayed with them.  Plaintiff's wife testified before Judge Ramos as to the suffering of their children when they are exposed to electromagnetic radiation inside the home, and to how high readings on radiation meters inside the home decrease when Plaintiff attempts to record the occurrence in a video camera.  Judge Ramos altered the testimony of Plaintiff's wife to imply that Plaintiff's claims were delusional.  The US Attorney did not object to the evidence supporting the misconduct of Judge Ramos.  The Court of appeals declined to answer whether a district judge may adopt the recommendation of a magistrate judge when conclusive evidence on the record establish the fact that the magistrate judge altered evidence to benefit those engaged in criminal activity.

The evidence of the pain and suffering caused by electronic torture remains unchallenged on the federal record.  Plaintiff filed on the Court of Appeals a videotape showing the pain and suffering caused on Plaintiff and on Plaintiff's children by the malicious exposure to radiation, and  an affidavit of Plaintiff's neighbor,  a former government agent,  attesting  how he became a victim of an electronic aggression after he offered to testify to the legitimacy of Plaintiff's claims. At no time the US attorney objected to the evidence.
*Maldonado v Ashcroft*, US Court of Appeals for the Fifth Circuit, Case No. 04-40095.  Plff's Orig. Comp. Paraghs. 45-53.

The fact that Plaintiff and his children have been the subject of electronic torture has been established by video tape evidence before The City of Mission Police Department.  An investigator of the City of Mission Police Department  has claimed that the Federal Bureau of Investigation had instructed him not to disclose any information related to Plaintiff's claims   because of a pending investigation of Plaintiff by the Central Intelligence Agency. Plff's Orig. Comp. Paraghs.59-61.

The State of Michigan and the State of  Massachusetts have passed law to prosecute those engaged in electronic aggressions. Plff's Orig. Comp. Paraghs. 100-101. Exposure to directed radiation causes severe physical harm, Christopher Slobogin, "Symposium Crime and Technology: Article: Technologically-Assisted Physical Surveillance: The American Bar Association Tentative Draft Standards,"

10 Har. J. Law & Tec 383, 1997.

Even periodic exposure to low intensify directed radiation cause severe physical harm and constitutes torture. "Some Aspects of Electromagnetic Weapons," Synopsis prepared for the International Committee of the Red Cross Symposium, by David Guyatt, 1996. The Defendants have been operating satellite surveillance techology that bounces radiation from subjects of investigations. Patrick Korody, "Satellite Surveillance within US Borders," 65 Ohio St. L. J. 1627. (2004),   John Fleming, "The Shocking Menace of Satellite Surveillance."

People from around the country have organized to complain of electronic aggressions and torture. The Defendants have sought an exemption to the Congressional ban on torture, and have refused to disclose details of the technology used in their Secret Spy Programs. Plff's Orig. Comp. Paraghs. 102-107.

Victims that can attest to the realities of electronic torture include Ruben Luna, Octaviano Ramirez, Felipe Arroyo, Johnny Flores, Jose T. Mendoza,   Silvia Mendoza, Lauren Moret, Sue Ann Campbell, Eleanor White, Liza Parker, Caroline Palit, Caroline Price, Alice Brenner,   Elizabeth Navarro, Nathan Finney, Janet Leith, Rosario Householder, Ramona Lopez, and many more. Plff's Orig. Comp. Paraghs. 108.

**Plaintiff's Complaint states  claims upon which relief can be granted.**

The fact that Defendants' retaliatory use of harmful directed radiation on Plaintiff and on  Plaintiff's family has been established on the federal record as a matter of law and  violates the First, Fourth  and Fifth Amendments of the Constitution of the United States, and 42 U.S.C. 1985, and 42 U.S.C. 1986.  The evidence on the federal record establish the fact that at several times Defendants have conducted secret harmful electronic surveillance of Plaintiff without following procedures established by law.

The facts in support of Plaintiff's Complaint have been established on the federal record and well established federal law has erected a powerful presumption against rejecting pleadings for failure to state a claim. *Please See Robins Wilie* 300 F3d 1208, 1210 (10th Cir. 2002); *Brever v Rockwell International Corporation*, 40 F3d 1119, 1125 (10th Cir. 1994). The US Supreme Court has explicitly stated that

notice pleading controls. *Conley v Gibson*, 355 US 41, 47-48 (1957), *Leatherman v Tarrant County Narcotics Intelligence & Coordination Unit*, 507 US 163, 168 (1993), *Swirekiewicz v Sorema, N.A.*, 534 US 506, 514 (2002). The Supreme Court has repeatedly stated that if the complaint fails to provide sufficient notice, discovery or a motion for a more definite statement under Rule 12(e) is available. *Swierkiewicz*, 534 US at 512-514. Under the Federal Rules notice pleading is black letter law. This merely requires a plaintiff to provide a short and plain statement of a claim sufficient to put defendant on notice. Fed. R.. Civ. P. 8(a). Consequently, a motion to dismiss for failure to state a claim does not provide an avenue for defendants or a court to challenge the underlying merits of the case, or assesses the truth of what is asserted or determines whether a plaintiff has any evidence to back up what is in the complaint. Please See *Browning v Clinton*, 292 F3d 235, 242 (DC Circ. 2002), Fed. Freeport Transit, Inc., v McNukty, 239 F. Supp. 2d 102 108 (D. Me. 2002).

Furthermore, the federal Rules "do not require a claimant to set out in detail the facts upon which he bases his claims."*Conley* 355 US at 47. Instead, all that it is required is a "short and plain statement of the claim that will give defendant fair notice of what the plaintiff's claims is and the grounds upon which it rests." Id. Significantly, the Court has pointed to the liberal discovery and pretrial procedures of the Rules that permit "simplified notice pleading."Id. This procedural system is designed "to focus litigation on the merits of the claim." Id. The Supreme Court has repeated that if greater factual specifity for certain claims was desirable at the pleading stage, it "must be obtained by the process of amending the Federal Rules and not by judicial interpretation." Id., at 515, quoting *Leatherman v Tarrant County Narcotics & Coordination Unit*, 507 US 168 (1993).

RELIEF

For all of the above reasons, Plaintiff respectfully requests this Court o reconsider the Order dismissing Plaintiff's Complaint and to provide Plaintiff any remedy at law or in equity that Plaintiff may be entitled.

Respectfully Submitted

Jesus Mendoza Maldonado, Pro se plaintiff.
2202 E. 28th St.
Mission, TX 78574
956/ 519 7140            2-4-06